BOGLE & FIELDS, plaintiffs in error, vs. JAMES M. MADDOX, defendant in error.

Bogle & Fields had an attachment on the land of Hunter. To this land a claim was interposed by Woods and others, who derived their title, from Maddox, who derived his title, from the same Hunter. Maddox sued Hunter, by petition, for the establishment of the deed made to him, by Hunter—alleging that it was lost. Bogle & Fields moved to be made parties defendant to this suit. The Court overruled this motion.
*Held,* That the Court did right.

Petition and motion, from Catoosa county. Decision by Judge CROOK, at November Term, 1858.

The facts of this case are as follows:

Bogle & Fields sued out an attachment against Edwin W. Hunter, which was levied upon a lot of land; and at the October Term, 1856, of the Superior Court of said county, recovered judgment, in said attachment, against Hunter. To this lot of land, claims were interposed by Archibald Woods, Mark Deadman and Samuel Plummer, severally, each claiming certain portions thereof.

This land, or the portions severally claimed by claimants, was conveyed to them by one James M. Maddox, and pending these claims, Maddox, at the instance of claimants, instituted proceedings to establish copies of a power of attorney, and a deed of conveyance executed by virtue thereof, the originals of which it was alleged were lost. The power of attorney, it was alleged, was made by Hunter, to one John Richards, authorizing him to sell and convey the land in dispute, and the deed executed by Richards, in pursuance of said power, conveying said land to Maddox. To this proceeding to establish said lost papers, Hunter and Richards were made parties defendant. And Bogle & Fields, at November Term, 1858, moved the Court, upon their petition setting forth the above facts, to be made parties defendants in said proceeding; the purpose and intention of the claimants,

being, to use said copies, if established, on the trial of the claim cases; and if said papers were established and thus used, petitioners, Bogle & Fields, will be defeated in said cases, otherwise, they would probably succeed.

The Court refused the motion to make petitioners parties, and granted an order establishing said copy deed, and power of attorney, in lieu of the lost originals, to which decision counsel for petitioners except.

S. W. CARUTHERS; and C. D. McCUTCHIN, for plaintiffs in error.

CULBERSON & HACKETT, *contra*.

*By the Court.*—BENNING J. delivering the opinion.

Was the Court below right in overruling the motion of Bogle & Fields, to be made parties defendant, in the proceeding of Maddox against Hunter and Richards, to establish copies of the lost deed and power of attorney?

The relation which Bogle & Fields bear to that proceeding, is such as grows out of the fact, that they have, against Hunter, an attachment now in judgment, levied on the land covered by the lost deed. A similar relation to this, is borne to the proceeding, by each of the three claimants, for Maddox purchased the land from Hunter, and each of them, purchased a part of the land from Maddox. The question then is, do all persons who bear such a relation as this, to a proceeding of this kind, have the right, on their own motion, to cause themselves to be made parties to the proceeding? The answer to this question, must depend on what is the meaning of the latter part of the sixth section of the Judiciary Act of 1799, for that is all the law there is that bears upon the question. The Act of 1856, to provide a mode for establishing lost papers, does not contain any provision on the subject who are the proper parties to the suit for the establishment of

them. *Acts of* 1856, 238. The words of the Judiciary Act which govern the question are the following; " and the said Courts respectively shall have power and authority to establish copies of lost papers, deeds, or other writings, under such rules and precautions as are, or may have been, customary and according to law and equity." *Pr. Dig.,* 420.

The "rules" to be observed were to be such as were " customary and according to law and equity"—that is, were to be such as were sanctioned by the three things, custom, law, equity. Perhaps, however, what was meant merely was, rules sanctioned by *equity*; there being, probably, neither custom nor law apart from equity, on the subject. Let us assume, then, that this was what was meant. This assumed, the question will be, is there any rule of equity, which, if this proceeding were a suit in equity, would allow Bogle & Fields, and persons bearing to the suit a similar relation to theirs, to make themselves defendants to the suit, on their own motion ?

First, would a demurrer lie to such a suit, for want of such persons as parties to it? We hardly think so. In such a suit, the prayer would merely be, that a copy of the lost deed, might be established, and the relief would not go beyond the prayer. The case would be much like a case for the specific performance of a contract to convey; and as to that case, the general rule is, that the only persons required as parties to the suit, are the parties to the contract.

Secondly, but even if such a demurrer would lie, it might still not be true, that persons of this kind would have the right on their own motion, to become parties to the suit. A suit is an affair between the persons who are parties to it and their privies, and not an affair to affect any other persons. Whence then can other persons get a right to intervene in the suit ? We do not see whence. If they have rights, they may assert those rights in suits of their own; and the ability to do this is all sufficient for them. In the case in hand the proceeding is a suit between Maddox on one side, and Hun-

ter and Richards on the other. Bogle & Fields are merely creditors of Hunter. They therefore, are not his privies in that suit. Consequently, the judgment in the suit will not bind them. They will have the right to attack it, and show it, invalid, if they can. True it may be, that the judgment will be admissible, as *prima facie* evidence, against them, but, if so, it will be on the principle on which, the *fi. fa.* and judgment on which, a Sheriff's deed is founded, are admissible, in cases in which, such a deed is a link in the chain of title of one party or the other.

Thirdly, the usage has been to confine the *rule nisi*, as it concerns parties, to the persons who are parties to the lost papers to be established. And this usage is of long standing. Such a usage ought to have some weight in the interpretation of the words aforesaid of the Judiciary Act.

In *Turner vs. Joiner, et. al.,* (18 *Ga. R.* 370,) the lost deed was a Sheriff's deed; and it was held, that the defendant in the *fi. fa.,* under which, the Sheriff made the deed, was a necessary party to the rule for establishing a copy of the deed. But he, in law, was really the principal maker of the deed; the Sheriff being, in these cases, but the agent of the parties to the *fi. fa.*

Upon the whole, then, we think, that the Court was right in overruling the motion.

Judgment affirmed.